```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

William Stephenson,            :

       Plaintiff,          :       Case No. 2:14-cv-1755

   v.                         :

Jacqueline P. Murray, et al., :       JUDGE MICHAEL H. WATSON
                                      Magistrate Judge Kemp
       Defendants.         :


William Stephenson,            :

       Plaintiff,          :       Case No. 2:14-cv-2350

   v.                         :

Jacqueline P. Murray, et al., :       JUDGE MICHAEL H. WATSON
                                      Magistrate Judge Kemp
       Defendants.         :

### REPORT AND RECOMMENDATION

On September 30, 2014, Plaintiff William Stephenson filed a motion for leave to proceed *in forma pauperis* and a proposed civil complaint seeking relief against defendants Jacqueline P. Murray, Morris Stephenson, and Maurice Stephenson. On November 24, 2014, he filed another such motion, attaching another proposed complaint against the same defendants. The allegations in the two complaints are similar, as are the legal theories advanced, and both appear to relate to the same trust. The Court finds that the cases involve common questions of law and fact and that consolidation of the cases is appropriate under Fed.R.Civ.P. 42(a). The Court therefore **ORDERS** the cases to be consolidated for all further proceedings.

After reviewing the financial information submitted in the motions for leave to proceed *in forma pauperis*, the Court determines that Mr. Stephenson qualifies financially for a waiver of the filing fee, and the two motions to proceed *in forma pauperis* (Doc. 1 in each case) are **GRANTED**.  Because Mr. Stephenson is not paying a filing fee, however, his complaints are subject to an initial screening pursuant to 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915(a).  For the following reasons, based on the Court's review of the two complaints, it will be recommended that both cases be **DISMISSED**.

## I. Factual Background

In his first complaint, Mr. Stephenson generally alleges breach of fiduciary duty, willful damage, and theft relating to a trust.  In the second action, he repeats these allegations with greater specificity.  The Court considers both complaints in setting out the factual background which Mr. Stephenson alleges in support of his claims.

Although not entirely clear, Mr. Stephenson's allegations appear to relate to a trust that was created to benefit him.  Mr. Stephenson alleges that he was the sole beneficiary of the trust and that his mother, defendant Jacqueline Murray, despite being a fiduciary, did not inform him of the existence of the "inheritance, Business, Trust Fund Accounts, Shares, Assets and Property" which were held in his name.  Mr. Stephenson alleges that Ms. Murray improperly gained access to his assets without knowledge or his consent while he was incarcerated from 1992 until 2002.  Mr. Stephenson asserts that his mother improperly used the trust funds for her benefit and for the benefit of his minor children, who are also named as defendants in both cases.  Mr. Stephenson also alleges that defendants filed false tax information and that Ms. Murray improperly used a credit card held in his name.

2

In his original complaint, Mr. Stephenson brings a claim for breach of fiduciary duty under 15 U.S.C. §80a-35.  Mr. Stephenson also cites 29 U.S.C. §1103 relating to the "establishment of trust."  In his second complaint, Mr. Stephenson alleges that defendants acted in "clear violation" of the following:

>   18 U.S. Code § 1028A - Aggravated identity theft and
>   18 U.S. CODE § 1708 – THEFT OR RECEIPT OF STOLEN MAIL
>   15 U.S. Code § 80a-35 - Breach of fiduciary duty.
>
>   Local Rules:
>   5810.01 BREACH OF TRUST
>   5808.02 Duty of loyalty to beneficiary
>   5808.10 Adequate records of administration
>   5808.13 Keeping Beneficiary Involved
>   5810.02 Liability to beneficiary for Breach & Contribution.
>   1121.16 Fiduciary Capacity for Holding Money and Property
>   5810.06 Trustee reliance on terms of trust
>   5808.04 Duty to act as prudent person

The Court first considers Mr. Stephenson's claims to the extent that they arise under federal law.  After doing so, the Court discusses Mr. Stephenson's state law claims.

## II. Legal Standard

The ability to proceed *in forma pauperis* was established by Congress under 28 U.S.C. §1915 in order to provide greater means of access to the judicial system for the indigent. Denton v. Hernandez, 504 U.S. 25, 31 (1992).  The statute allows, with proper showing of financial need, a petitioner to proceed in an action "without prepayment of fees or security thereof."  28 U.S.C. §1915(a)(1).  However, 28 U.S.C. §1915(e)(2) requires the Court to "dismiss the case at any time if the court determines that ... (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  A suit is frivolous if it lacks any arguable foundation in either fact or law. Neitzke v. Williams, 490 U.S.

319, 325 (1989). A complaint fails to state a claim upon which relief can be granted, if, after accepting as true all well-pleaded allegations of the complaint, the allegations do not "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is mindful that pro se complaints are to be construed liberally in favor of the pro se party. Haines v. Kerner, 404 U.S. 519 (1972); see also Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). With these standards in mind, the Court conducts an initial screening of Mr. Stephenson's complaints.

### III. Discussion

As noted above, Mr. Stephenson claims that the federal courts have jurisdiction over his claims under various federal statutes, including 15 U.S.C. §80a-35, 29 U.S.C. §1103, 18 U.S.C. §1028A, and 18 U.S.C. §1708. As explained below, however, the complaint does not state a plausible claim for relief under of any of these laws. The Court addresses each claim in turn.

First, in both complaints, Mr. Stephenson alleges a violation of 15 U.S.C. §80a-35, a provision of the Investment Company Act of 1940, 15 U.S.C. § 80a-1 et seq. ("ICA"). Under 15 U.S.C. §80a-35(a):

> The Commission is authorized to bring an action ... alleging that a person who is, or at the time of the alleged misconduct was, serving or acting in one or more of the following capacities has engaged within five years of the commencement of the action or is about to engage in any act or practice constituting a breach of fiduciary duty involving personal misconduct in respect of any registered investment company for which such person so serves or acts, or at the time of the alleged misconduct, so served or acted–
>> (1) as officer, director, member of any advisory board, investment adviser, or depositor; or

4

>       (2) as principal underwriter, if such
>       registered company is an open-end company,
>       unit investment trust, or face-amount
>       certificate company.

                              ***

Further, 15 U.S.C. §80a-35(b) provides that the investment adviser of a registered investment company "or any affiliated person of such investment adviser, or any other person enumerated in subsection (a)" shall be deemed to have a fiduciary duty in certain circumstances.  Accordingly, the statute applies to investment companies and their officers.  See Wilkerson v. Gozdan, 2014 WL 4093279, at *4 (M.D. Ala. Aug. 19, 2014).  Because no defendant named by Mr. Stephenson is an investment company or officer of an investment company, the statute is inapplicable.  Further, Mr. Stephenson does not allege that he is a shareholder in an investment company, and only the Commissioner and shareholders have standing to sue under this statute.  Dandorph v. Fahnestock & Co., 462 F.Supp. 961 (D. Conn. 1979).  Consequently, Mr. Stephenson fails to state a claim under 15 U.S.C. §80a-35 for breach of fiduciary duty.

     Next, in his original complaint, Mr. Stephenson asserts a claim under 29 U.S.C. §1103, which is part of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 *et seq*.  Section 1103, by its terms, applies to assets of "employee benefit plans," and ERISA defines an employee benefit plan as one "which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both...." 29 U.S.C. §1002(1), (2).  Here, Mr. Stephenson does not allege that the trust at issue is an employee benefit plan.  Consequently, he has not stated a plausible ERISA claim.

Finally, in his second complaint, Mr. Stephenson asserts claims under 18 U.S.C. §1028A and 18 U.S.C. §1708, both of which are federal criminal statutes.  But a private person like Mr. Stephenson cannot sue defendants civilly for violating criminal statutes.  The law is clear that, absent unusual circumstances, an individual possesses no private right of action based on alleged violations of criminal statutes.  This Court has recently said that "[a]s a general rule, a civil plaintiff has no standing to assert a claim arising under a criminal statute."  Easterling v. Crawford, 2014 WL 428931, *11 (S.D. Ohio Feb. 4, 2014).  That is not to say that such a claim can never be asserted, but in order to find that a private right of action exists under a federal criminal statute, the Court must conclude either from the language of the statute itself, or from some other source, that it was Congress' intent to create such a claim.  That is, "in determining whether a private right of action is implicit in a statute, the 'focal point is Congress' intent in enacting the statute.'"  Ellison v. Cocke County, Tenn., 63 F.3d 467, 470 (6th Cir. 1995), quoting Thompson v. Thompson, 484 U.S. 174, 179 (1988).  And, as the Supreme Court has said, that Court "has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'"  Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979), quoting Cort v. Ash, 422 U.S. 66, 79 (1975).

Neither of the two statutes cited by Mr. Stephenson suggest, by their language, that Congress intended to permit private parties to sue other private parties.  Section 1028A deals with identity theft, and while it defines the crime, it says nothing about enabling private citizens to sue for a violation of the terms of the statute.  Section 1708 makes it a crime to steal from the mail.  In that statute as well, the only consequences

6

spelled out for violating the law are fine and imprisonment, which are not civil remedies.  The Court is not aware of any case implying a private right of action under either §1028A or §1708.  Consequently, Mr. Stephenson's complaints do not state plausible civil claims under those statutes.

Mr. Stephenson has also identified various provisions of Ohio law which, in his view, the defendants have violated.  Because Mr. Stephenson and all of the defendants are residents of the State of Ohio, the Court could exercise jurisdiction over those claims only under 28 U.S.C. §1367, the supplemental jurisdiction statute.  Under §1367(c)(3), the Court may decline to exercise that jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  That is the usual course of action when any federal claims asserted in the case are insubstantial or are dismissed at an early stage of the case.  See Parrish v. HBO & Co., 85 F.Supp. 2d 792, 799 (S.D. Ohio 1999).  That is what should happen here.  Consequently, the Court will recommend dismissal of both complaints in their entirety.

### IV. Recommended Disposition

Based upon the foregoing, it is recommended that the federal claims asserted in both of Mr. Stephenson's cases be dismissed for failure to state a claim upon which relief may be granted, and that any state law claims be dismissed without prejudice.  Should this recommendation be adopted, the Court should mail a copy of the complaints, this Report and Recommendation, and the Court's order of dismissal to the defendants.

### V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

 The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have a district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P Kemp
United States Magistrate Judge

8